IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALFONSO MARIA RIERA GUAMAN, an individual, a/k/a MARIO RIERA, <br><br> Plaintiff, <br><br> v. <br><br> N.O.K. KITCHEN, LTD., an Illinois corporation d/b/a NOK RESTAURANT, and MIRJAVAD NAGHAVI, an individual, <br><br> Defendants. | Case No. 1:22-cv-2889 |

## COMPLAINT

The Plaintiff, Alfonso Maria Riera Guaman, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, N.O.K. Kitchen, Ltd., d/b/a NOK Restaurant, and Mirjavad Naghavi, (collectively, the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq*., and the Chicago Minimum Wage and Secure Paid Sick Leave Ordinance ("CMWO"), § 6-105-010 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff overtime compensation for hours worked over forty (40) in a workweek. Plaintiff is a former cook, food preparer and cleaner at Defendants' NOK Restaurant.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

1

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4.  Plaintiff Alfonso Maria Riera Guaman, a/k/a Mario Riera ("Riera"), is a former employee of Defendants' NOK Restaurant located at 6075 N. Milwaukee Avenue in Chicago, Illinois. Plaintiff Riera worked as a cook, food preparer and cleaner at Defendants' NOK Restaurant from 2013 through May 15, 2022.

5.  During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, tools and equipment, which moved in interstate commerce prior to being used or purchased in Illinois.

6.  Plaintiff resides in and is domiciled in this judicial district.

7.  Defendant, N.O.K. Kitchen, Ltd. is an Illinois corporation that operates the NOK Restaurant located at 6075 N. Milwaukee Avenue in Chicago, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

8.  Upon information and belief, Defendant N.O.K. Kitchen, Ltd. has earned more than $500,000.00 in annual gross revenue during 2019, 2020, 2021 and 2022.

9.  Defendant N.O.K. Kitchen, Ltd. is registered in Illinois as a corporation and its officers, registered agent and principal office are located within this judicial district.

10. Defendant Mirjavad Naghavi ("Naghavi") is an owner of the NOK Restaurant and he is the president and secretary of the restaurant's operating entity, Defendant, N.O.K. Kitchen, Ltd.

11. At all times relevant to this action, Defendant Naghavi possessed extensive oversight over the NOK Restaurant and its business operations. Defendant Naghavi was the

ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

12. Defendant Naghavi resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

13. During the period from at least June, 2019 through approximately August, 2020, Plaintiff Riera was scheduled to work and did regularly work at Defendants' NOK Restaurant six (6) days per week including Wednesday through Monday from 9:00 a.m. to 10:00 p.m. During this period, Plaintiff Riera typically did not work on Tuesday; however, there were occasions when he worked a full seven (7) day per week schedule.

14. During the period from approximately September, 2020 through May 15, 2022, Plaintiff Riera was scheduled to work and did regularly work six (6) days per week including Tuesday through Sunday from 9:00 a.m. to 8:00 p.m. During this period, Plaintiff Riera typically did not work on Monday; however, there were occasions when he worked a full seven (7) day per week schedule.

15. Based on his schedules, Plaintiff Riera regularly worked at least seventy-eight (78) hours in individual workweeks from at least June, 2019 through approximately August, 2020; and, at least sixty-six (66) hours in individual workweeks from approximately September, 2020 through May 15, 2022.

16. During the period from June, 2019 through May 15, 2022, Defendants paid Plaintiff Riera on an hourly basis at the rate to $14.00 per hour.

17. Defendants did not compensate Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

18. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

19. Defendants paid Plaintiff's overtime compensable hours at his straight-time hourly rate of pay.

20. In order to conceal their failure to pay overtime compensation, Defendants imposed a dual wage payment scheme in which they paid a portion of Plaintiff's wages with a payroll check on alternating weekly pay periods and paid the remainder of Plaintiff's wages with unreported cash which was not accompanied by a wage stub or any wage payment record.

21. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff.

## COUNT I
## Violation of the Fair Labor Standard Act- Overtime Wages

22. Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

23. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

24. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

25. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

26. Defendant N.O.K. Kitchen, Ltd., d/b/a NOK Restaurant, is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

27. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

28. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

29. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff was scheduled to work and regularly did work more than forty (40) hours in a workweek. In a further attempt to conceal their overtime violations, Defendants imposed a dual wage payment scheme in which they paid a portion of Plaintiff's wages with a payroll check and paid the remainder including Plaintiff's overtime compensable hours "under the table" in cash at his straight-time hourly rate of pay. Further, Defendants' cash wage payments to Plaintiff were not reported to federal and state tax and revenue agencies. Additionally, Defendants violated the Act's record keeping regulations.

**WHEREFORE**, the Plaintiff, Alfonso Maria Riera Guaman, a/k/a Mario Riera, prays for a judgment against Defendants, N.O.K. Kitchen, Ltd., d/b/a NOK Restaurant, and Mirjavad Naghavi, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

30. Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

31. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

32. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

33. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

34. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

35. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Alfonso Maria Riera Guaman, a/k/a Mario Riera, prays for a judgment against Defendants, N.O.K. Kitchen, Ltd., d/b/a NOK Restaurant, and Mirjavad Naghavi, as follows:

    A.    Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

    B.    Statutory damages in the amount of three times the amount of unpaid overtime;

    C.    Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

    D.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    E.    Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

36. Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

37. Plaintiff was an "employee" under the CMWO § 6-105-010 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO.

38. Defendants were each an "employer" as defined in the CMWO § 6-105-010.

39. Under § 6-105-040 of the CMWO, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

40. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 6-105-040.

**WHEREFORE**, the Plaintiff, Alfonso Maria Riera Guaman, a/k/a Mario Riera, prays for a judgment against Defendants, N.O.K. Kitchen, Ltd., d/b/a NOK Restaurant, and Mirjavad Naghavi, as follows:

    A.    Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

    B.    Statutory interest damages in the amount of three times the amount of unpaid overtime;

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: June 2, 2022                                         Respectfully submitted,

Alfonso Maria Riera Guaman,
a/k/a Mario Riera,
Plaintiff


/s/ Timothy M. Nolan
_____
Attorney for the Plaintiff


Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com

8